IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGE TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08cv826-WHA |
| | ) | |
| | ) | |
| DION D. CRAFT, POWELL | ) | (WO) |
| TRANSPORTATION COMPANY, INC. | ) | |
| ALFA MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. FACTS AND PROCEDURAL HISTORY

This cause is before the court on a Motion to Remand, filed by the Plaintiff George Tompkins on November 7, 2008.

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Montgomery County, Alabama. The Plaintiff brings claims arising out of a commercial truck/automobile accident. Complete diversity of citizenship exists between the Plaintiff and Defendants Craft and Powell Transportation Company. Defendant Alfa Mutual Insurance Company is a citizen of Alabama.

The case was removed on the basis of diversity jurisdiction. The Defendants contend that because Alfa Mutual Insurance Company ("Alfa") has been sued only its capacity as Tompkins' uninsured/underinsured motorist carrier, its citizenship ought to be disregarded for purposes of removal on the basis of diversity jurisdiction.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Rep. State Exe. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.  DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met.  *Id.*  There is no question that the jurisdictional amount is sought in this case. The only issue is whether complete diversity of the parties existed at the time of removal.

The Defendants contend, citing *Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989)*; Toole v. Chupp*, 456 F. Supp. 2d 1218 (M.D. Ala. 2006) (Thompson, J.); and *Oliver v. Rodriquez*, No. 2:08cv81, 2008 WL 928328 (M.D. Ala. April 4, 2008) (Albritton, J.), that Alfa is

a nominal party in this case, so that its citizenship should be disregarded for purposes of analyzing diversity jurisdiction.

In *Broyles*, the court identified three exceptions to the general rule that an insurance company is not a real party in interest; namely where the insurance company (1) has become subrogated to the rights of the insured, (2) is defending against a direct action against it, and (3) has assumed primary control of the litigation. *Id*. at 1404.  It is the third of these exceptions which was at issue in *Broyles*, and is relevant here. *Id.*; *see also Toole v. Chupp*, 456 F. Supp. 2d 1218, 1221 (M.D. Ala. 2006).  In analyzing the third exception, the *Broyles* court concluded that although the insurance company which was sued in its capacity as an underinsured motorist carrier participated in the trial of the case, it "took a back seat to defendant's counsel throughout the liability proceedings."  878 F.2d at 1405.  Therefore, none of the exceptions, including the third, to the general rule that insurance companies are not a real party in interest applied, and the citizenship of the underinsured carrier was to be disregarded.  *Id.*

Tompkins points out that in the *Toole* and *Oliver* cases relied on by the Defendants, the uninsured/underinsured motorist carriers opted out completely, and agreed to be bound by the judgment of liability and damages, whereas in this case, Alfa only conditionally opted out, reserved the right to opt back into the case, and did not agree to be bound by a settlement.  Tompkins states that if the Defendants' insurer has a punitive damage exclusion, then coverage for Tompkins' wantonness claim against the Defendants will fall to Alfa.  Tompkins states that because Alfa can opt back into the litigation to defend the wantonness claim, Alfa ought not be treated as a nominal party to the litigation.

3

While Alfa's conditional opt-out makes this case somewhat different from *Toole* and *Oliver*, the conditional opt-out does not remove this case from the holding in *Broyles*, because at least at this point, Alfa has done even less to participate in the case than did the insurer in *Broyles,* which was held to be a nominal party.  Based on the state of the case at the time of removal, therefore, it appears to the court that Alfa is a nominal party whose citizenship does not destroy diversity jurisdiction.

## IV.  CONCLUSION

For the reasons discussed, the court concludes that the citizenship of the only non-diverse Defendant, Alfa, ought to be disregarded.  Accordingly, this court has diversity subject matter jurisdiction and the Motion to Remand is due to be and is hereby ORDERED DENIED.

DONE this 22nd day of December, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE